# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Taylor Corporation,                                      Case No. 19-cv-1918 (DWF/TNL)

          Plaintiff,

v.                                                                              **ORDER**

Georgia-Pacific Consumer Products LP,

          Defendant.

On June 24, 2022, the parties submitted a Joint Motion for Continued Sealing pursuant to Local Rule 5.6. ECF No. 134. In that motion, the parties agreed that documents filed under temporary seal in connection with the Declaration of Matthew Veenstra in Opposition to Defendant's Motion in Limine, ECF No. 127, could remain sealed. Specifically, the parties noted that they "jointly stipulate and agree there is good cause to [sic] for the Court to enter an Order sealing" ECF Nos. 128, 128-1, and 128-2. ECF No. 134 at 2. Because the parties did not adequately describe the reasons why those documents merited protection from public filing, the Court struck the motion and ordered the parties to refile it. ECF No. 136. The parties did so on August 31, 2022. Mot., ECF No. 138.

In their new Joint Motion for Continued Sealing, the parties disagree as to whether the three documents should remain sealed. For ECF No. 128, Plaintiff argues that the document should remain sealed because it contains contractual terms, pricing information, and other confidential competitively sensitive information. Mot. at 2. For ECF Nos. 128-1 and 128-2, Plaintiff argues that the documents should remain sealed because they contain

confidential competitively sensitive business planning information, and the same documents have been sealed previously by Court order. *Id*. at 3. Defendant asserts that all three documents should be unsealed because there is no longer good cause to maintain the document under seal "[g]iven the imminence of a public trial." *Id*. at 2-4.

"There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This is because the right of access "is fundamental to ensuring the public's confidence and trust in the judiciary." *In re Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL No. 15-2666 (JNE/FLN), 2018 WL 2135016 at *2 (D. Minn. May 9, 2018). The right of access, however, "is not absolute, but requires a weighing of competing interests." *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018) (citation omitted). According to the Eighth Circuit:

> Where the common-law right of access is implicated, the court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed. . . . The decision as to access is one best left to the sound discretion of the trial court in light of the relevant facts and circumstances of the particular case.

*IDT*, 709 F.3d at 1223 (cleaned up); *see also Feinwachs*, 2018 WL 882808, at *3.

Local Rule 5.6 provides guidance similar to the Eighth Circuit, by requiring the Court to balance the parties' interests in maintaining the confidentiality of documents with the public's right to access:

> [P]arties have been filing too much information under seal in civil cases . . . . As a general matter, the public does not have a right of access to information exchanged in discovery; thus, protective orders are often quite broad, covering entire documents or sets of documents produced during discovery, even when most or all of the contents are not particularly sensitive. But the public does have a qualified right of access to information that is filed with the court. Even if such information is covered by a protective order, that information should not be kept under seal unless a judge determines that a party or nonparty's need for confidentiality outweighs the public's right of access.

D. Minn. LR 5.6 *advisory committee's note* (2017).

Here, although the public's presumptive right of access to the disputed documents is not low, Plaintiff has overcome that presumption by demonstrating a compelling countervailing reason: that the material in these docket entries contains contractual terms, pricing information, business planning information, and other confidential competitively sensitive information. The Court has reviewed the documents and finds that the information is highly sensitive, and Plaintiff's need to maintain confidentiality in the competitive material outweighs the public's right of access. *See* D. Minn. LR 5.6; *see also, e.g., Krueger v. Ameriprise Fin., Inc.*, No. 11-cv-2781 (SRN/JSM), 2014 WL 12597948, at *8 (D. Minn. Oct. 14, 2014) (quoting *Kruszka v. Novartis Pharm. Corp.*, 28 F. Supp. 3d 920, 942 (D. Minn. 2014) ("The interest in protecting a company's internal information can warrant sealing of records.")). Accordingly, the Court will grant the parties' Joint Motion for Continued Sealing, ECF No. 138, and direct the Clerk of Court to keep the documents sealed.

Therefore, based upon the motion and the documents filed under seal, as well as all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      The parties' Joint Motion for Continued Sealing, ECF No. 138, is **GRANTED**; and

2.      The Clerk of Court is directed to keep the following documents sealed: ECF Nos. 128, 128-1, 128-2.

Date: September __28__, 2022                          _____*s/Tony N. Leung*_____
                                                      Tony N. Leung
                                                      United States Magistrate Judge
                                                      District of Minnesota

                                                      *Taylor Corporation v. Georgia-Pacific*
                                                      *Consumer Products LP*
                                                      Case No. 19-cv-1918 (DWF/TNL)